# Northwestern
## PRITZKER SCHOOL OF LAW
## BLUHM LEGAL CLINIC
## Appellate Advocacy Center

*Xiao Wang*
*Clinical Assistant Professor of Law*
*Director, Appellate Advocacy Center*

October 14, 2022

Ms. Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

      Re:    *Stanard v. Dy*, No. 21-35582, Response to Citations of Supplemental Authority

Dear Ms. Dwyer:

      The government's Rule 28(j) letters are unavailing. *See* R. 39 & 40. These letters direct the Court's attention to *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and *Hoffman v. Preston*, 20-15396 (9th Cir. Oct. 11, 2022). But neither case controls, for three reasons.

      *First*, unlike *Hoffman*, which involved a new *Bivens* context, Mr. Stanard's claims arise within an existing *Bivens* context: that of *Carlson v. Green*, 446 U.S. 14 (1980). Just as in *Carlson*, Mr. Stanard seeks damages because Defendants—as individual officers—deprived him of proper medical care. *See Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (*Carlson* "allow[ed] [a] *Bivens* remedy for . . . failure to provide adequate medical treatment."); Pet. Br. at 40 ("Far from breaking new ground, Mr. Stanard's case falls within the context that *Bivens*, *Carlson*, and its progeny set out.").

      Neither *Egbert* nor *Hoffman* challenges this understanding. To the contrary, *Egbert* reaffirms that "federal prisoner[s]" may, per *Carlson*, proceed with "inadequate-care claim[s] under the Eighth Amendment." 142 S. Ct. at 1802. *Hoffman* likewise acknowledges that "prison officials . . . failed to provide competent medical attention" to plaintiff in *Carlson*—mirroring the circumstances here. R. 40 at 8.

      *Second*, there are significant differences between the facts in *Hoffman* and the facts here. *Hoffman* concerned an officer who "intentionally created the risk that another prisoner would assault Hoffman by publicly labeling him as a snitch." *Id.* at 9. That is several steps removed from a "failure to provide adequate medical treatment." *Hernandez*, 140 S. Ct. at 743. Thus, even if Mr. Stanard's claims did present a new *Bivens* context, any extension would be far more modest than the extension in *Hoffman*.

*Finally, Egbert* did *not* categorically bar courts from recognizing new *Bivens* contexts. As most, *Egbert* pointed to the Bureau of Prisons' "Administrative Remedy Program" as a "remed[y]" for "aggrieved parties." 142 S. Ct. at 1806. But Mr. Stanard has explained why that remedy was inadequate for him, and why special factors do not counsel hesitation. Under such circumstances, *Bivens* becomes a viable (and the only) pathway to meaningful relief.

Respectfully,

Xiao Wang
Clinical Assistant Professor of Law
Director, Appellate Advocacy Center